WISE, Presiding Judge,
concurring in the result.
In this case, the main opinion reverses the trial court’s order granting J.L.D.’s motion to suppress based on a finding that the evidence “clearly supported a case of possession of cocaine.” 39 So.3d at 224. However, the issue in this case is not whether the evidence was sufficient to support a conviction for unlawful possession of a controlled substance. Rather, the issue is whether the trial court properly granted J.L.D.’s motion to suppress the drug evidence officers seized.
In this case, the trial court initially denied J.L.D.’s motion to suppress, and the record supported that ruling. Later, after reviewing a recording of part of the incident, the trial court changed its ruling and granted the motion to suppress based on differences between Brosius’s testimony and the events depicted by the recording. As was the case in State v. Mitchell, supra, it appears that the trial court placed undue emphasis on the video recording. However, as the main opinion notes, the recording had clearly been edited for viewing, and the recording therefore did not depict the entirety of the incident about which Brosius testified.
Under these circumstances, I agree with the main opinion that any discrepancies between Brosius’s testimony and the events depicted on the recording would go to the weight the jury would afford Brosi- *225 us’s testimony rather than to the propriety of the trial court’s ruling on the motion to suppress. I do not agree with the main opinion’s decision to reverse the trial court’s order based on a finding that the evidence “clearly supported a case of possession of cocaine.” 39 So.3d at 224. Instead, I would reverse the trial court’s order based on a finding that it abused its discretion in changing its initial decision to deny the motion to suppress solely because of perceived discrepancies between the testimony of Brosius and the events depicted on an admittedly edited video recording. Therefore, I respectfully concur in the result.
WINDOM, J., concurs.